IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHUN-SHENG YU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-3138 |
| | § | |
| THE UNIVERSITY OF HOUSTON AT | § | |
| VICTORIA and THE UNIVERSITY OF | § | |
| HOUSTON SYSTEM, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF PARTIAL DISMISSAL

Pending before the Court in the above referenced cause, alleging intentional, continuing discrimination since 2009 based on national origin (Chinese) and age (62) and retaliation, grounded in the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et al.*, and Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), with supplemental jurisdiction under 28 U.S.C. § 1367 over pendent state law claims arising under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code § 21.051, *et seq.*, is Defendants the University of Houston at Victoria ("UHV") and the University of Houston System's ("UH System's") partial motion to dismiss (instrument #6) Counts 2 (TCHRA national origin discrimination) and 4-7 (ADEA age discrimination, TCHRA age discrimination, ADEA retaliation, and TCHRA retaliation, respectively) and to dismiss Defendant the UH System, pursuant to Federal Rule of Civil Procedure 12(b)(1) for

-1-

lack of subject matter jurisdiction.

## Standard of Review

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. "'A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case.'" *Taylor v. Texas Southern Univ.*, Civ. A. No. 12-CV-01975, 2013 WL 3157529, at *2 (S.D. Tex. June 20, 2013), *citing Home Builder's Assoc. of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 2014). The party asserting that subject matter exists, here Plaintiff Dr. Chun-Sheng Yu, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied sub nom. Cloud v. U.S.*, 536 U.S. 960 (2002).

It has long been recognized that the Eleventh Amendment[1] bars claims under the TCHRA and the federal age discrimination statute (the ADEA) against a State not only in actions in which the State is actually named as the defendant, but also in certain actions

---

[1] The Eleventh Amendment states,

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign state.

U.S. Const. amend. XI.

against state agents and state instrumentalities. *Taylor v. Texas Southern Univ.*, 2013 WL 3157529, at *2.

In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). This case falls into the first category, the complaint alone.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995). The challenge from Defendants here is a facial attack.

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981). The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104 F.3d at 1261. "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the

merits of the suit, has significant authority "'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

A court's dismissal of a case for lack of subject matter jurisdiction is not a judgment on the merits and does not bar the plaintiff from pursuing his claim in a court that has jurisdiction. *Ramming*, 281 F.3d 158, 161 (5th Cir. 2001), *cert denied sub nom. Cloud v. U.S.*, 536 U.S. 960 (2002).

### Applicable Law

**Eleventh Amendment Immunity**

Eleventh Amendment immunity must be resolved before the court reaches the merits of a suit. *United States v. Tex. Tech. Univ.*, 171 F.3d 279, 285-86 & n.9 (5th Cir. 1999). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or unless Congress has clearly, unequivocally, and validly abrogated the state's sovereign

immunity. *Jackson v. Texas Southern University,* 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014). The Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000)("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States."). Absent a waiver of immunity by a state or through a federal statute, the Eleventh Amendment bars suits against states and state agencies for money damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Quern v. Jordan*, 440 U.S. 332, 337 (1979)(sovereign immunity protects a state from "a suit in federal court by private parties[2] seeking to impose a liability which must be paid from public funds"); *Cory v. White*, 457 U.S. 85, 91 (1982); *Voisin's Oyster House v. Guidry*, 799 F.2d 183, 185 (5th Cir. 1986). *See also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002)(The Eleventh Amendment bars "an individual from suing a state

---

[2] Sovereign immunity only protects States from private lawsuits-–not from lawsuits by the federal government. *EEOC v. Bd. of Supervisors for the Univ. of Louisiana System,* 559 F.3d 270, 272 (5th Cir. 2009), citing *West Virginia v. U.S.*, 479 U.S. 305, 311 (1987)("States have no sovereign immunity as against the Federal Government."); *Alden v. Maine*, 527 U.S. 706, 755 (1999)("In ratifying the Constitution, the States consented to suits brought by other States or by the Federal Government."); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 71 n.14 (1996)("'The Federal Government can bring suit in federal court against a State' in order to ensure its compliance with federal law.").

in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."). "Congress may only abrogate a state's Eleventh amendment immunity by 'unequivocally' expressing its intent to do so and by acting 'pursuant to a valid exercise of power.'" *Cozzo v. Tangipaphoa Parish Council–President Government*, 279 F.3d 273, 281 (5th Cir. 2002), *citing Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999). The Eleventh Amendment's "withdrawal of jurisdiction effectively confers an immunity from suit." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The Eleventh Amendment's "reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), *citing Poindexter v. Greenhow*, 114 U.S. 270, 287 (1885). "'[W]hen the action is in essence one for the recovery of money from the state, the state is the real substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'". *Yowman v. Jefferson County Community Supervision & Corrections* Dept., 370 F. Supp. 2d 568, 583 (E.D. Tex. 2005), *citing Doe*, 519 U.S. at 429.

"Even in cases where the State itself is not a named

defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Bd. of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002), *citing Doe*, 519 U.S. at 429.[3]   A State's agencies are also subject to suit in federal court, absent waiver of immunity by the State. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Inc.*, 506 U.S. 139, 144 (1993)("Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'"). See *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984)("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Under Texas law, state universities are agencies of the state and enjoy sovereign immunity under the Eleventh Amendment. *Jackson v. Texas Southern*

---

[3] When a state agency is the nominal defendant, the Fifth Circuit applies a six-factor test, with no factor dispositive, but the source of the entity's funding is especially important because "a principal goal of the Eleventh Amendment is to protect state treasuries," to determine whether the suit is effectively against the sovereign state: "(1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property." *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326-27 (5th Cir. 2002). "An entity need not show that all of the factors are satisfied; the factors simply provide guidelines for courts to balance the equities and determine if the suit is really one against the state itself." *Id.* at 327.   Having the ability to sue or be sued apart from the state indicates immunity is probably not appropriate. *Id.* The most significant of the six factors "in assessing an entity's status is whether a judgment against it will be paid with state funds." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147-48 (5th Cir. 1991).

*University,* 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014), *citing inter alia Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984), and *Taylor v. Texas Southern University*, Civ. A. No. 4:12-CV-01975, 2013 WL 3157529 at *3-4 (concluding that "for Eleventh Amendment purposes, a suit against a state agency or university is a suit against the state"). That a school has accepted federal funds does not mean the State has consented to suit in federal court. *Id.*, *citing Atascadero State Hosp. v. Scanon*, 473 U.S. 234, 246-47 (1985). In *Thomas v. University of Houston*, 155 Fed. Appx. 115, 117 (5th Cir. Nov. 4, 2005), the Fifth Circuit pronounced the University of Houston to be "an undisputed arm of the state of Texas," which "can assert sovereign immunity under the Eleventh Amendment . . . ." *See also Harrell v. University of Houston Police Dept.*, 44 F.3d 1004, 1995 WL 10517, at *2 (5th Cir. Jan. 3, 1995)("The University of Houston is a state agency."), *citing Bache Halsey Stuart Shields, Inc. v. Univ. of Houston*, 638 S.W. 2d 920, 923 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.); *Alcantra v. Univ. of Houston*, Civ. A. No. H-14-0463, 2016 WL 4040123, at *2 (S.D. Tex. July 28, 2016)("UH is not a local school district, it is a state university. As a state university, UH is a state agency for purposes of Eleventh Amendment immunity."); *Chhim v. Univ. of Houston Clear Lake*, 129 F. Supp. 3d 507, 512 (S.D. Tex. 2015)("As an agent of the state of Texas, the University is entitled to Eleventh Amendment immunity absent waiver

or abrogation.").

The same is true of the University of Houston System. *Lecompte v. University of Houston System*, 535 F. Supp. 317, 320 (S.D. Tex. 1982)("[A]ny judgment against the University of Houston System would be paid out of the state treasury."); *Shoecraft v. University of Houston-Victoria*, No. Civ. A. V-03-85, 2006 WL 870432, at *8 (S.D. Tex. March 28, 2006)("[A]s state agencies, [University of Houston System and University of Houston-Victoria] are agencies of the state. Therefore, as state agencies, [they] are immunized from private suit by the Eleventh Amendment.").

It has long been established that "any judgment against the University of Houston System would be paid out of the state treasury." *Lecompte v. University of Houston System*, 535 F. Supp. 317, 320 (S.D. Tex. 1982), *citing* Tex. Educ. Code Ann., § 111.01 et seq. (1972 and Supp. 1982); Tex. Rev. Civ. Stat. Ann. art. 6252-26 (Supp. 1982). The Eleventh Amendment bars suits for monetary relief against educational institutions that are so closely connected with the states as to be considered instrumentalities of the state . . . ." *Id.* at 319.

In *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 62, 91 (2000), the Supreme Court held, "[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals" because even though the statute "contains a clear statement of Congress' intent to abrogate the States' immunity,

that abrogation exceeded Congress' authority under section five of the Fourteenth Amendment."  The Fifth Circuit has applied *Kimel* to dismiss claims under the ADEA against state universities.  *See, e.g.*, *Sullivan v. Univ. of Tex. Health Science Center*, 217 Fed. Appx. 391, 392-95 (5th Cir. 2007)(neither Congress nor Texas have waived the State of Texas' sovereign immunity from ADEA claims); *McGarry v. Univ. of Mississippi Medical Center*, 355 Fed. Appx. 853, 855 (5th Cir. 2009); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469-70 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1339 (2017);

In contrast, in enacting Title VII, Congress abrogated the States' Eleventh Amendment sovereign immunity and authorized private parties to bring suit for money damages against nonconsenting States pursuant to Congress's enforcement power under § 5 of the Fourteenth Amendment.  *Fields v. Dept. of Public Safety,* 911 F. Supp. 2d 373, 379-80 (M.D. La. Nov. 27, 2012).  Congress made clear its intent to abrogate the states' immunity "when it amended Title VII's definition of 'person' to include governments, governmental agencies, and political subdivisions, 42 U.S.C. § 2000e(a), and simultaneously amended  the definition of employee to include individuals 'subject to the civil service laws of a State government, government agency, or political subdivision,' 42 U.S.C. § 2000e(f)."  *Ussery v. State of La. on Behalf of Louisiana Dept. of Health and Hospitals*, 150 F.3d 431, 435 (5th Cir. 1998), *cert. dismissed*, 526 U.S. 1013 (1999).

Although the Texas Labor Code §§ 21.002(8)(D)("'Employer' means . . . a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed."), 21.002(14)(A) and (C)("'State agency' means a board, commission, council, department, institution, office, or agency in the executive branch of state government having statewide jurisdiction . . . or an institution of higher education as defined by Section 61.003, Education Code.") waives Texas' sovereign immunity for claims under the TCHRA in Texas state court, it does not waive immunity in federal court. *Cephus v. Tex. Health and Human Servs. Comm'n*, 146 F. Supp. 3d 818, 2015 WL 7313414, at *8 (S.D. Tex. Nov. 19, 2015); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 322 (5th Cir. 2002); *Jackson*, 997 F. Supp. 2d at 636. Thus these claims should also be dismissed under Rule 12(b)(1).

UHV is a part of UH System and both are units of Texas State government. Tex. Educ. Code Ann. § 111.81; *Lowery v. Univ. Of Houston--Clear Lake*, 82 F. Supp. 2d 689, 693 (S.D. Tex. 2000)(discussing the UHV, part of the University of Houston, is a state entity). Thus both entities are entitled to the same sovereign immunity as the State itself. *Pennhurst*, 465 U.S. at 100. Also under *Kimel*, because the "ADEA exceeds the scope of congressional, it is therefore invalid as an abrogation of state sovereignty." *Lowery*, 82 F. Supp. 2d at 693, *citing Kimel*, 528 U.S. at

**Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(a),

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Title 28 U.S.C. § 1367(c) provides,

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"[T]his Court has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact,' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.''"

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997)(and cases cited therein). "Congress has codified those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading. 28 U.S.C. § 1367.

Usually, "when a district court has original jurisdiction over some claims, the court may exercise 'supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy,' including claims over additional parties. 28 U.S.C. § 1367. Supplemental jurisdiction may be declined where a novel or complex issue of State law exists, where the claims substantially predominate over the claims granting original jurisdiction, where the court has dismissed the claims over which it had original jurisdiction, or where other compelling reasons exist." 28 U.S.C. § 1367(c); *Winkler v. State Farm Fire and Cas. Co.*, 266 F. Supp. 2d 509, 513 (S.D. Miss. 2003).

### Defendants' Partial Motion to Dismiss (#6)

Defendants contend that Plaintiff's TCHRA and his ADEA claims 2 and 4-7 are barred by the State of Texas' Eleventh Amendment immunity. Plaintiffs' age discrimination and retaliation claims under the ADEA against the State of Texas are barred by sovereign immunity. *Kimel*, 528 U.S. at 91 ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private

-14-

individuals."). As noted, the Fifth Circuit has applied *Kimel* to dismiss claims against state universities. *See, e.g.*, *Sullivan*, 217 Fed. Appx. at 395; *McGarry*, 355 Fed. Appx. at 855.

UHV is a state university, a state agency, and an institution of higher education organized under the laws of the State of Texas. Tex. Educ. Code Ann. § 111.81. In *Kimel*, 528 U.S. at 91, the Supreme Court ruled that Congress did not abrogate the states' sovereign immunity with regard to the ADEA. *See also Simon v. Tex. Rehab. Comm'n,* 66 Fed. Appx. 525, 525 (5th Cir. 2003)(*per curiam*). Therefore UHV is entitled to sovereign immunity from Plaintiff's ADEA claims, which thus should be dismissed for lack of jurisdiction.

Should Plaintiff argue that the Court has federal question jurisdiction over the Title VII claims and could therefore claim to have supplemental jurisdiction over the TCHRA claims, Defendants insist that "the supplemental jurisdiction statute, 28 U.S.C. § 1367 (West 2004), which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity." *Cephus*, 146 F. Supp. 3d at 830 ("[T]he Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court."), *citing Hernandez v. Texas Dept. of Human Services*, 91 Fed. Appx. 934, 935 (5th Cir. 2004)("[T]he Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court. And the supplemental

jurisdiction statute, 28 U.S.C. § 1367 (West 2004), which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity."), *citing Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). Thus Plaintiffs TCHRA claims (Counts 2, 5 and 7) should be dismissed with prejudice. In accord, *Taylor v. Texas Southern Univ.*, 2013 WL 3157529, at *5.

As for UH System, because it is not Plaintiff's employer nor did it exercise any power or control over his employment at UHV, is not a proper defendant here. UH System is a separate legal entity from UHV. Tex. Educ. Code § 55.1723, 111.20 *et seq.* (the University of Houston System). Because UH System is not alleged to be an "employer," it cannot be liable for Plaintiff's Title VII claims and should be dismissed as an improper party. *City of Austin v. Gifford*, 824 S.W. 2d 735, 742 (Tex. App.--Austin 1992, no writ)("[U]nder the express terms of the Human Rights Act," only "employers may be liable for an unlawful employment practice, just as "the long line of federal cases which hold that Title VII creates a cause of action against employers, but not against supervisors or public officials in their individual capacities."). *See also Sibley Memorial Hosp. v. Wilson*, 488 F. 2d 1338, 1341-43 (D.C. Cir. 1973).

In *NME Hosps., Inc. v. Rennels*, 994 S.W. 2d 142, 147 (Tex. 1992), the Texas Supreme Court held that a direct employment relationship is not required if the plaintiff can show that an

employer used its position of power and control, adversely and wrongfully, to interfere with the plaintiff's employment relationship with a third party. *See also Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338, 1341-43 (D.C. Cir. 1973). To state such a claim, the plaintiff must show (1) that the defendant is an employer within the statutory definition, (2) an employment relationship exists between the plaintiff and a third party, and (3) the defendant controlled access to the plaintiff's employment opportunities, and (3) the defendant controlled access to plaintiff's employment opportunities and denied or interfered with or denied that access based on unlawful criteria. *Rennels*, 994 S.W. 2d at 147. Plaintiff here cannot satisfy the third prong because there has been no allegation that UH System exercised such control over UHV's employment decisions, nor that it denied or interfered with Plaintiff's employment based on unlawful criteria. *see, e.g., Johnson v. Scott Fetzer Co.*, 124 S.W. 3d 257 (Tex. App.--Fort Worth 2003, pet. denied). Instead all personnel decisions rested at all times with Plaintiff's employer, UHV, not UH System. Thus Plaintiff fails to show that UH System waived its sovereign immunity, and Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.

In sum, Plaintiff's claims under the ADEA and the TCHRA and the UH System should be dismissed for lack of subject matter jurisdiction.

## Plaintiff's Response (#12)

Plaintiff contends that Defendants fail to present any evidence to support their immunity argument, so the entire motion to dismiss should be denied. Defendants have not proven how and why they would be entitled to protection by Eleventh Amendment immunity or that they would be entitled to the same immunity as the State of Texas. Even though the Eleventh Amendment gives each state sovereign immunity from a private lawsuit for damages brought by an individual citizen, Plaintiff here is not suing the State of Texas; he is suing Defendants, who presented no evidence showing they are entitled to the same immunity as the State of Texas.

Plaintiff did not allege that Defendants are units of state government, but merely stated that Defendants are "state funded." Complaint, #1, ¶¶ 2-3. Defendants fail to satisfy the factors that would show they are entitled to Eleventh Amendment immunity as arms of the state. Plaintiff disputes whether Defendants are "units of state government" entitled to Eleventh Amendment immunity. Furthermore there is a limited waiver for TCHRA claims: Section 21.202[4] makes mandatory and jurisdictional the filing of TCHRA claims with 180-day period after the unlawful employment action or

_____

[4] Section 21.202 ("Statute of Limitations") states,

(a) A complaint under this subchapter must be filed no later than the 180th day after the date the alleged unlawful employment practice occurred.

(b) The commission shall dismiss an untimely complaint.

the claims must be dismissed. *See, e.g., Sauceda v. Univ. of Texas at Brownsville*, 958 F. Supp. 761, 766-767 (S.D. Tex. 2013).

Although Defendants cite Texas Education Code § 111.81 to support their claim that UHV is a state university, a state agency, and an institution of higher education organized under the laws of the State of Texas, that section does not mention either Defendant and thus does not apply to this case, argues Plaintiff. Nor do the cases they cite for their claim that Defendants are considered to be a "state" for purposes of being able to claim Eleventh Amendment immunity. Plaintiff disputes all these claims and asks that the motion be denied.

In addition Plaintiff objects that his TCHRA claims should not be dismissed because the Court has subject matter/supplemental jurisdiction over them. Dr. Yu claims that the allegations in the Complaint show that the Court has supplemental jurisdiction over the pendent state claims under the TCHRA because they are related to the other claims that provide the Court with original jurisdiction, i.e., Plaintiff's claims under Title VII and the ADEA, that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. The state and federal claims must arise from a common nucleus of operative fact for the federal court to retain jurisdiction of a state law claim under the pendent jurisdiction doctrine. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Pendent jurisdiction serves judicial economy, conveniences, and fairness to litigants. *Id.* at 726.

Chapter 21 provides a limited waiver of a school district's governmental immunity for claims that fall under the TCHRA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W. 3d 629, 636 (Tex. 2012)("'[T]he TCHRA clearly and unambiguously waives immunity' for suits brought against 'school districts' under the TCHRA.[5] However, the Legislature has waived immunity only for those suits where the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder."). The TCHRA defines "employer" to encompass "a county, municipality, state agency, or state instrumentality." Texas Labor Code § 21.002(8)(D). Plaintiff insists that it has done so.

Plaintiff also argues that his ADEA claim should not be dismissed because Defendants have not provided any evidence showing that they are to be viewed as the "state." They have not applied the traditional six-factor test set out in *Perez,* 307 F.3d at 326-

---

[5] The Court finds this section inapposite to the university Defendants here. As noted earlier by the Court, "UH is not a local school district, it is a state university. As a state university, UH is a state agency for purposes of Eleventh Amendment immunity." *Alcantra*, 2016 WL 4040123, at *2; *Chhim*, 129 F. Supp. 3d at 512 ("As an agent of the state of Texas, the University is entitled to Eleventh Amendment immunity absent waiver or abrogation."). The same is true of the University of Houston System. *Lecompte*, 535 F. Supp. at 320 ("[A]ny judgment against the University of Houston System would be paid out of the state treasury."); *Shoecraft v. University of Houston-Victoria*, 2006 WL 870432, at *8 ("[A]s state agencies, [University of Houston System and University of Houston-Victoria] are agencies of the state. Therefore, as state agencies, [they] are immunized from private suit by the Eleventh Amendment.").

27, *inter alia*. Plaintiff points out that the University of Houston has the power to sue and be sued under Texas Education Code § 111.33. That ability suggests sovereign immunity is not appropriate. *Id*. at 331. Because Defendants are not immune, the motion to dismiss should be denied.

Furthermore because the Complaint identifies UH System as an employer, it should not be dismissed. The term "employer" is to be liberally construed under Title VII. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (8th Cir, 1977). "[S]uperficially distinct entities may be exposed to liability upon a finding that they represent a single integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelations of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983)(applied to Title VII). Courts have mainly focused on the second prong (centralized control), with the critical issue being who made the final decision regarding the employment matter in dispute. *Id.* at 404. The Complaint alleges that Plaintiff complained about national origin and age discrimination in UHV and UH System, and subsequently to the EEOC through UH Systems Office of Equal Opportunity Services, whose Director of Investigations discussed Plaintiff's grievance with him (Exhibit A). Thus

Plaintiff suggests that UH System had a role in the discrimination and retaliation against Plaintiff while he worked for Defendants.

In addition Plaintiff notes the Position Statement submitted on behalf of Defendants in response to Plaintiff's EEOC Charge was on UH System's letterhead. #12, Ex. B. A copy of Defendants' discrimination and harassment policy, Exhibit 1, for the EEOC. UH System's administrative policy about discrimination and harassment is attached as Exhibit C. Furthermore, both Defendants have the same attorney representing them at the EEOC and in this lawsuit. The W-2 Wage and Tax Statement that Plaintiff received for his employment with Defendants identified UH System as the employer (Exhibit D). Plaintiff concludes that UHS was Plaintiff's joint employer, along with UHV and expresses confidence that discovery will further support that conclusion.

### Defendants Reply (#13)

Reiterating its earlier arguments, Defendants insist that Plaintiff's lack of supporting cases cannot overcome well established precedents, i.e., that Defendants are entitled to the same protections as the State of Texas and are immune from Plaintiff's claims under the TCHRA and the ADEA. In addition they maintain that the administrative overlap between the UH System and UHV does not make them joint employers because the UH System did not exercise control over Plaintiff's employment under both relevant tests. Defendants call "tangential connections" that "UH

System" appears on Plaintiff's W-2, UHV's policy handbooks, and letter to the EEOC, which do not show actual control by UH System. They urge the Court to dismiss UH System for lack of subject matter jurisdiction and permit Plaintiff's remaining claims under Title VII to survive against UHV.

Defendants insist that a slew of cases show that universities such as UH are immune from TCHRA lawsuits and supplement jurisdiction does not apply. *See, e.g., Cephus*, 146 F. Supp. 2d 818 (holding that TCHRA claims could not attach via supplemental jurisdiction and the Texas Labor Code waives sovereign immunity for claims under the Labor Code only in state court, but not in federal.). *See also Taylor*, 2013 WL 3157529, at *5; *Perez*, 307 F.3d at 332-33 (TCHRA "does not expressly waive sovereign immunity in federal court"). The only case cited by Plaintiff (*Mission Consolidated*, 372 S.W. 3d 629) is a state court action, which is irrelevant in federal court. Supplemental jurisdiction does not apply because "[t]he supplemental jurisdiction statute, 28 U.S.C. § 1367 (West 2004), which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity." *Hernandez*, 91 Fed. Appx. at 935, *citing Raygor*, 534 U.S. at 541-42. Defendants contend that Plaintiff cannot satisfy the third element of the *Rennels* test because unlike in *Rennels*, there is no pleading that UH System exercised such control over UHV's employment decisions, not that it denied or interfered with Plaintiff's employment based on unlawful

criteria. *Johnson v. Scott Fetzer Co.*, 124 S.W. 3d at 264 (finding plaintiff had not satisfied third prong of Rennels test because he presented no evidence that the manufacturer had the right to hire or fire him and that defendant's control did not deny or interfere with the salesperson's access to employment based on unlawful criteria). *De Santiago v. West Texas Community Supervision & Corrections Dept.*, 203 S.W. 3d 387, 395 (Tex. App.--El Paso 2006)

Plaintiff's ADEA claims are barred because UHV, as a State University and arm of the State, is entitled to the same immunity as the State of Texas absent waiver or abrogation. *Lowery* 82 F. Supp. 2d at 693; *Chhim*, 129 F. Supp. 3d at 512; *Johnson v. Prairie View A&M Univ.*, 587 Fed. Appx. 213, 214 (5th Cir. 2014)(*per curiam*)(and cases cited therein). Furthermore, as noted, the United States Supreme Court has concluded that the ADEA exceeds the scope of congressional authority and is thus invalid as an abrogation of state sovereignty. *Kimel*, 528 U.S. 62.

Defendants further contend that UH System was not Plaintiff's employer under either the hybrid test or the Rennels test and thus should be dismissed as a defendant. Plaintiff fails to cite a single case in which such a University System has been successfully sued when a specific University branch employed the plaintiff. Defendants do not disagree that UH System is an employer generally. Texas Lab. Code § 21.002(8). Nevertheless, despite the shared name ("University of Houston") and the financial and administrative

overlap in any state school system, the UH System is a separate legal entity from UHV.  Tex. Educ. Code § 55.1712, 111.20 *et seq.* Without any evidence Defendants insists that the UH System did not directly control Plaintiff's employment, and all the relevant factual allegations in the Complaint deal with alleged actions by UHV employees.

For an entity to be subject to liability under the TCHRA, a plaintiff must demonstrate that (1) the entity satisfies the statutory definition of "employer," and (2) an employment relationship existed between the parties.  *De Santiago v. West Texas Community Supervision & Corrections Dept.*, 203 S.W. 3d 387, 395 (Tex. App.--El Paso 2006).  Courts employ a hybrid economic realities/common law control test to determine if an employment relationship, as opposed to an independent contractor relationship, exists between parties.  *Id.* at 395-96; *Deal v. State Farm County Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118-19 (5th Cir. 1993).  *See also Johnson v. Scott Fetzer Co.*, 124 S.W. 3d 257, 263 (Tex. App.--Fort Worth 2003, pet. denied); *Thompson v. City of Austin*, 979 S.W. 2d 676, 681-82 (Tex. App.--Austin 1998, no pet.). Plaintiffs have cited Exhibits A-D (discrimination policy), and a W-2 Wage and Tax Statement to show UH System is a properly named defendant, but "legal reality suggest[s] otherwise," insist Defendants.  The economic realities component of the hybrid economic realities/common law test examines whether the purported employer

paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment. *De Santiago*, 203 S.W. 3d at 396. The control component looks at whether the alleged employer has the right to hire and fire the employee, to supervise the employee, and to set the employee's work schedule. *Id.* The right to control an employee's conduct is more important than the economic realities component. *Univ. of Texas at El Paso v. Ochoa*, 410 S.W. 3d 327, 331-32 (Tex. App.--El Paso 2013); *Deal*, 5 F. 3d at 119.

Here Plaintiff cannot satisfy the requirements for the control component because his Complaint and his Response fail to allege that the UH System had the right to hire, fire, supervise or set Dr. Yu's work schedule. Thus UH System was not his employer.

In addition, Plaintiff lacks standing to sue UH System because he failed to satisfy the *Rennels* test, which establishes that a direct employment relationship is not necessary if the plaintiff demonstrates "(1) that the defendant is an employer within the statutory definition of the Act . . .; (2) that some sort of employment relationship exists between the plaintiff and a third party . . .; and (3) that the defendant controlled access to the plaintiff's employment opportunities and denied or interfered with that access based on unlawful criteria." *NME Hospitals, Inc. v. Rennels*, 994 S.W. 2d 142, 147 (Tex. 1999), *citing Sibley Memorial Hospital v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973). All personnel

decisions rested at all times with Plaintiff's employer, UHV, not UH System.

Last of all, Defendants maintain that the EEOC letter sent on the UH System letterhead and the fact that UHV and UH System share the same attorney (a kind of "guilt by association") do not mean that UH System was Plaintiff's employer. A trial court may exclude an EEOC letter that is so conclusory that it possesses very little probative value. *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201 (5th Cir. 1992); *Lee v. Executive Airlines, Inc.*, 31 F. Supp. 2d 1355, 1357-58 (S.D. Fla. 1998)("We find this Letter of Determination is highly conclusory and thus possesses very little probative value and accordingly will exclude it.").

## Court's Decision

After careful review of the briefing and the applicable law, the Court concludes that Plaintiff misconstrues the law and does not properly plead his claims under the ADEA and the TCHRA. Those errors and deficiencies, however, do not protect all his claims other than those under Title VII from dismissal as a matter of law.

With regard to Defendants' contention that UH System is not an "employer" for purposes of Title VII liability, they do not present any facts to support their claim. Moreover the Court finds there are genuine issues of material fact that must be investigated, as there are cases of professors and state university employees suing the University of Houston System as an employer under Title VII.

*See, e.g., Foley v. Univ. Of Houston System*, 355 F.3d 333 (5ᵗʰ Cir. 2003); *Shoecraft v. University of Houston-Victoria, University of Houston System*, No. Civ. A. V-03-85, 2006 WL 870432 (S.D. Tex. Mar. 28, 2006); *Septimus v. University of Houston and University of Houston System*, 399 F.3d 601 (5ᵗʰ Cir. 2005); *Hernandez v. Univ. Of Houston System*, Civ. A. No. 4:11-CV-3038, 2013 WL 1390737 (S.D. Tex. Feb. 1, 2013); *Hutto v. University of Houston System*, Civ. A. No. V-05-70, 2008 WL 4453427 (S.D. Tex. Sept. 28, 2008).

The Court agrees with Defendants that dismissal under Rule 12(b)(1) is appropriate for all except Plaintiff's Title VII claims. Accordingly, the Court

ORDERS the following:

(1) Defendants, as agencies, arms, and instrumentalities of the State of Texas are entitled to sovereign immunity under the Eleventh Amendment from Defendants' ADEA and ADEA retaliation claims,[6] and under *Kimel,* 528 U.S. 62, because Congress lacked authority to abrogate immunity under the ADEA under the enforcement clause, section five of the Fourteenth Amendment, the ADEA claims (Complaint, #1. Counts 4 and 6 are dismissed under Rule 12(b)(1);

(2) Although the Texas Legislature waived immunity for claims under the TCHRA in Texas state court, it did not waive immunity for them in federal courts, so the claims against both Defendants under that

---

[6] *See, e.g., Pennhurst*, 465 U.S. at 100; *Jackson*, 997 F. Supp. at 623; *Taylor*, 2013 WL 3157529, at *623.

statute (Complaint, #1, Counts 2, 5 and 7) in this Court are barred by Eleventh Amendment immunity and are dismissed under Rule 12(b)(1)[7]; and

(3) The Court cannot exercise supplemental jurisdiction over the TCHRA claims, depended from the federal question claims under Title VII, because the supplemental jurisdiction statute, 28, U.S.C. § 1367, does not abrogate Eleventh Amendment immunity.[8]

Plaintiff's Title VII claims shall remain pending.

SIGNED at Houston, Texas, this  23rd  day of  August , 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[7] *See, e.g., Thomas*, 155 Fed. Appx. at 117; *Lecompte*, 535 F. Supp. at 320.

[8] *See Cephus*, 146 F. Supp. 3d at 830; *Hernandez*, 91 Fed. Appx. at 935; *Raygor*, 534 U.S. at 541-42.