IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHUN-SHENG YU, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-CV-3138 |
| § | |
| THE UNIVERSITY OF HOUSTON AT § | |
| VICTORIA AND THE UNIVERSITY OF § | |
| HOUSTON SYSTEM, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge is Defendants University of Houston at Victoria and University of Houston System's Motion to Dismiss Plaintiff's Request for Punitive Damages (Document No. 22). In that Motion, Defendants University of Houston at Victoria and the University of Houston System ("Defendants") complain that Plaintiff Chun-Sheng Yu ("Plaintiff"), who filed this Title VII action[1], is barred from seeking punitive damages as a matter of law. Defendants seek dismissal of Plaintiff's claim for punitive damages with prejudice. Having considered the Motion and the case law submitted in support, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants University of Houston at Victoria and University of Houston System's Motion to Dismiss Plaintiff's Request for Punitive Damages (Document No. 13) be GRANTED.

This action arises out of alleged retaliation and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Plaintiff alleges intentional, continuing discrimination since 2009 based on national origin, and is seeking both compensatory

---

[1] Plaintiff initially filed claims pursuant to the Age Discrimination in Employment Act ("ADEA") and the Texas Human Rights Act ("TCHRA") in his Original Complaint (Document No. 1), however, these claims were dismissed by Judge Harmon in the Opinion and Order of Partial Dismissal dated August 23, 2017 (Document No. 18).

and punitive damages. Title VII provides that parties may recover punitive damages "against a respondent (other than a government, government agency or political subdivision)" *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir. 1997). Congress exempted all government agencies, including political subdivisions, from punitive damages under the Title VII's punitive damages provision without articulating any exceptions. *Id.* The Fifth Circuit has held that the University of Houston is an arm of the State of Texas. *Thomas v. University of Houston,* 155 Fed. Appx. 115, 117 (5th Cir. Nov. 4, 2005). The University of Houston at Victoria is a part of the University of Houston System and both are units of Texas State government. TEX. EDUC. CODE ANN. § 111.81; *Lowery v. Univ. Of Houston—Clear Lake*, 82 F. Supp. 2d 689, 693 (S.D. Tex. 2000) (discussing the UHV, part of the University of Houston, is a state entity). As such, both the University of Houston at Victoria and the University of Houston System are exempt from punitive damages since they are both government agencies as defined under 42 U.S.C.§ 1981a(b)(1). Plaintiff's arguments to the contrary have no merit.[2]

Accordingly, the Magistrate Judge

RECOMMENDS that Defendants University of Houston at Victoria and University of Houston System's Motion to Dismiss Plaintiffs' Request for Punitive Damages (Document No. 22) be GRANTED, and that Plaintiff's claim for punitive damages be dismissed and/or stricken.

The Clerk shall file this instrument and provide a copy to all counsel. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert.*

---

[2] Plaintiff cites cases where defendants are private, not public universities, and are therefore not applicable. Further, in *Carpenter*, the court solely permitted the punitive damages claim to proceed to the trial phase because it was unaddressed by the defendants during summary judgment. *See Carpenter v. Missippi Valley State Univ.*, 807 F. Supp. 2d 570, 598-599 (N.D. Miss. 2011). *Carpenter* sets forth an analysis for three exceptions for arms of the state to immunity, however, none of the exceptions apply to the present case. *Id.*

*denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of June, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE